**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4603

GERALD DAMONE HOPPER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4705

GERALD DAMONE HOPPER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4834

GERALD DAMONE HOPPER,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Thomas A. Wiseman, Jr., Senior District Judge,
sitting by designation.
(CR-95-119)

Submitted: November 26, 1997

Decided: December 31, 1997

Before NIEMEYER, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth P. Andresen, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald Damone Hopper appeals his conviction for conspiracy to obstruct, delay, and affect commerce by robbery (18 U.S.C.A. § 1951(a) (West Supp. 1997)); obstruction or delaying interstate commerce by robbery (18 U.S.C.A. § 1951(a) (West Supp. 1997)); possession of a firearm during and in relation to a crime of violence (18 U.S.C.A. § 924(c) (West Supp. 1997)); and possession of a firearm by a convicted felon (18 U.S.C.A. § 922(d) (West 1994 & Supp. 1997)). We affirm.

In May 1995, Hopper and an accomplice robbed a Hooters restaurant in Charlotte, North Carolina, at gunpoint. They stole $20,000 dollars from the store safe, money from the manager's pockets, and money from the cash drawer. After the robbery, the two men drove into a driver's license checkpoint. Hopper could not produce a license

2

and sped through the checkpoint. Both men jumped from the vehicle and escaped.

The police traced the license plate of the vehicle and found the owner, who informed the police that he recently sold the vehicle to Hopper. The owner also told the police that prior to their arrival, Hopper called him to say that the van was stolen. The police traced the call and obtained the address of where the phone call originated. The police found Hopper's accomplice at that address and arrested him. The owner of the vehicle also testified that Hopper admitted his involvement in the robbery. Hopper was arrested shortly thereafter. At trial, the accomplice pleaded guilty, and the case continued to trial against Hopper.

On appeal, Hopper asserts that the evidence at trial was insufficient to support a conviction under the Hobbs Act because it failed to show that the robbery "substantially affected" interstate commerce. Hopper relies on United States v. Lopez, 514 U.S. 549 (1995), to support his contention.

In Lopez, the Supreme Court invalidated 18 U.S.C.A. § 922(q)(1)(A) (West Supp. 1995), a provision in the Gun-Free School Zones Act of 1990, making possession of a firearm within 1000 feet of a school a federal offense. See Lopez, 514 U.S. at 551. The Court struck down the conviction in part because the statute "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 561. The Court also clarified its Commerce Clause jurisprudence and identified three categories of activity Congress may regulate under the Commerce Clause: (1) the use of channels of interstate commerce; (2) the instrumentalities of interstate commerce; and (3) those activities bearing a substantial relation to interstate commerce. Id. at 559; see United States v. Robertson, 514 U.S. 669, 671 (1995) (holding that "substantially affects" test applied in Lopez was developed "to define the extent of Congress' power over purely intrastate commercial activities which nonetheless have substantial interstate effects").

Unlike the statute at issue in Lopez, there is a jurisdictional element in the Hobbs Act. The Hobbs Act provides for the punishment of any-

3

one who "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion." 18 U.S.C.A. § 1951(a) (West Supp. 1997). Because there is a jurisdictional element present in the statute, the "substantially affects" test is not applicable, and the government need only show a de minimis effect on interstate commerce. See United States v. Atcheson, 94 F.3d 1237, 1241-42 (9th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-7644); see also United States v. Farrish, 122 F.3d 146, 148-49 (2d Cir. 1997) (holding that "to satisfy the jurisdictional element of the Hobbs Act, the Government need only show a `minimal' effect on interstate commerce"); United States v. Stillo, 57 F.3d 553, 558 (7th Cir. 1995) (holding the de minimis test consistent with Lopez); United States v. Spanglo, 546 F.2d 1117, 1119 (4th Cir. 1976) ("All that is required to bring an extortion within statute is proof of a reasonably probable effect on commerce, however minimal, as a result of the extortion.").

To sustain a conviction, the evidence viewed in the light most favorable to the Government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). The elements of a Hobbs Act violation are: (1) a robbery, act of extortion, or attempt or conspiracy to rob or extort; and (2) an interference with interstate commerce. See Robinson, 119 F.3d at 1212 (citing Stirone v. United States, 361 U.S. 212, 218 (1960)).

The evidence at trial showed that Hopper robbed at gunpoint the Hooters restaurant of $20,000. The Government also showed that the $20,000 represented six percent of the store's annual profit. Testimony further established that the restaurant operated within interstate commerce. Thus, the evidence was sufficient to sustain a Hobbs Act charge.

Hopper next asserts that the district court erred in failing to instruct the jury that the robbery had to "substantially affect" interstate commerce. As previously discussed, the "substantially affect" test is not applicable to Hobbs Act charges. Therefore, the district court did not err in failing to instruct the jury as to "substantially affect."

4

Hopper next asserts that the evidence was insufficient to sustain a conspiracy charge. To prove conspiracy, the government must show an agreement between two or more persons, an intent to achieve a certain objective through unlawful means, and the defendant's willing participation. See United States v. Burgos, 94 F.3d 849 (4th Cir. 1996) (in banc), cert. denied, ___ U.S. #6D 6D6D#, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868).

Viewing the evidence in the light most favorable to the Government, we find it sufficient to convict Hopper of conspiring to rob the Hooters restaurant. The evidence clearly showed that Hopper had a partner in the robbery. Further, testimony showed that Hopper admitted to a friend that he had a partner in the robbery. Thus, a rational trier of fact could find the essential elements of conspiracy beyond a reasonable doubt.

Finally, Hopper asserts that the prosecutor violated his right to a fair trial when, during opening statements, he forecast to the jury the evidence that would be presented at trial and included evidence concerning the accomplice, who pleaded guilty and was not tried. Because Hopper did not object at trial, this Court reviews for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993).

Hopper fails to establish that the prosecutor's remarks affected his substantial rights. At the time the prosecutor made the statements concerning evidence about the accomplice, the prosecutor did not know that he would later plead guilty mid-trial. Further, the district court instructed the jury that the lawyers' statements were not evidence and cautioned the jury to use their own recollection of the evidence. Thus, the remarks were isolated and not intentional, see United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983), and this claim is without merit.

Accordingly, we affirm Hopper's convictions. We deny Hopper's motions to file pro se supplemental briefs. We also deny Hopper's motion for "Judicial Intervention And/Or Reappointment Of Appellant Counsel." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5